Dear Chief Delahoussaye:
This office is in receipt of your request for an opinion of the Attorney General in regard to you seeking the office of Councilman for the Town of Erath. You indicate you are serving as Fire Chief of the Erath Volunteer Fire Department, which is chartered with the State of Louisiana as a non-profit corporation, and you are also employed by the Town of Erath as a paid firefighter/maintenance, and are presently collecting State supplemental pay. However, you have stated by telephone that you are not in Civil Service.
You state you would like to run for Councilman in the fall election, and ask whether you have the right to do so while being employed with the Town; and whether you would have to quit your job to run for election, take a leave of absence, or give up your position as Fire Chief.
If the answer to the these questions are "no", and you are elected and installed as Councilman, you additionally ask whether you would have to quit your job altogether with the Town of Erath, and give up your position as Fire Chief of the Volunteer Fire Department.
In response to your first questions of seeking election while employed by the Town, we would reiterate the conclusions previously reached by this office wherein it was stated that a non-civil service employee may run for political office without taking a leave of absence from his job or resigning as long as he fulfills his job duties, and does not use official time for elections activities. It was declared that he must campaign on off-duty hours. Atty. Gen. Op. Nos. 96-236, 92-256.
With regard to continuing your employment if elected, we must consider the dual officeholding statutes which, in accordance with R.S. 42:61, are to implement a policy which will serve to maintain a high level of trust and confidence by the citizens in public officials and employees and governmental decisions. Specifically pertinent to your inquiry is R.S.42:63(D) which sets forth the following prohibition:
 No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office. In addition no sheriff, assessor, or clerk of court shall hold any office or employment under a parish governing authority or school board, nor shall any member of any parish governing authority or school board hold any office of employment with any sheriff, assessor, or clerk of court. (Emphasis added.)
Accordingly, as an elected councilman for the Town of Erath you could not at the same time hold employment with the Town as a paid firefighter/maintenance position.
However, we find that you could hold the position as Chief with the Volunteer Fire Department. This office has stated that "the position of fire chief of a volunteer fire department is not a public office or employment, and the prohibition of dual office holding is not applicable". Atty. Gen. Op. Nos. 97-104, 80-1466, 80-1525. It was stated in Atty. Gen. Op. 97-104, "Since the fire chief is a volunteer, is not salaried or paid on a per diem basis, and is not an appointee since not selected by a public official or governmental body of such officials, we conclude there is no violations of dual officeholding provisions or R.S.42:64."
We hope this sufficiently answers your concerns.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ____________________ BARBARA B. RUTLEDGE Assistant Attorney General
RPI/bbr
Date Released: June 5, 2002